# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CYBERTANIA INC. an Illinois business corporation, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| VERISIGN, INC., a California business corporation, NETWORK SOLUTIONS, a California business corporation, ONLINENIC, a California business corporation, FASHIONID, an alien business entity, DANIEL CHOW, an alien individual doing business as FASHIONID, | ) |
| | ) |
| Defendants | ) |

**JUDGE LEINENWEBER**

02C 3324

Civil Action

Complaint

Judge MAGISTRATE JUDGE DENLOW

Amount sought in excess of $75,000

Jury Trial Demanded

MAY 0 9 2002

DOCKETED

02 MAY -8 PM 4:34

FILED-EDS

CLERK U.S. DISTRICT COURT

## COMPLAINT

NOW COMES plaintiff, **CYBERTANIA, INC.**, (hereinafter referred to as "Cybertania"), through its attorney, Anderson J. Ward, and for its Complaint against defendants, alleges as follows:

### I.
### THE PARTIES

Plaintiff **CYBERTANIA, INC.**, hereinafter referred to as "Cybertania," is a business corporation duly incorporated in the State of Illinois and having its principal place of business in the State of Illinois.

1-1

Defendant **VERISIGN, INC.**, hereinafter referred to as "VeriSign," is a business corporation duly incorporated in the State of California, and having its principal place of business in the State of California.

Defendant **NETWORK SOLUTIONS, INC.**, hereinafter referred to "NetSol," is a business corporation duly incorporated in the State of California, and having its principal place of business in the State of California.

Defendant **ONLINENIC, INC.**, hereinafter referred to as "Onlinenic," is a business corporation duly incorporated in the State of California, and having its principal place of business in the State of California.

Defendant **FASHIONID**, hereinafter referred to as "Fashionid," is an alien business entity located in the Peoples Republic of China, and having its principal place of business in Hong Kong.

Defendant **DANIEL CHOW**, hereinafter referred to as "Chow," who on information and belief, is a citizen of Hong Kong, Peoples Republic of China, and who does business as Fashionid.

## II.
## JURISDICTION

The parties to this action, as enumerated hereinabove at Section I., being located in diverse jurisdictions, each defendant either located in or a citizen of a state or country other than the plaintiff, the jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, which in relevant part provides :

> *The district courts shall have original jurisdiction of all civil actions*
> *where the matter in controversy exceeds the sum or value of*
> *$75,000, and is between citizens of different states, citizens of a*
> *State and citizens or subjects of a foreign state. . .*

Further, defendants' intentional actions, expressly aimed at the forum state causing harm, the brunt of which is suffered – and which the defendants know is likely to be suffered – in the forum state, is sufficient to establish personal jurisdiction over defendants. *See Calder v. Jones (1984) 465 U.S. 783,789, 104 S.Ct. 1482, 1487.* Defendants' advertising in the Northern District of Illinois through the use of an Interactive Internet web site, and providing of entertainment services to residents of the Northern District of Illinois, and placing its services in the stream of interstate commerce with the expectation that those services would be sold to consumers, and create obligations for those consumers in the Northern District of Illinois, are also sufficient contacts with Illinois to subject defendants to personal jurisdiction in the Northern District of Illinois. *See Burger King Corp. v. Rudzewicz (1985) 471 US 78462, 477-478, 105 S.Ct. 2174, 2184-2185.*

### III.
### VENUE

This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Sec. 1391(a)(2), as a substantial part of the events on which the claim is based occurred, and a substantial part of the property that is

subject of the action giving rise to the claim is located in the Northern District of Illinois.

## IV.
## COMMON ALLEGATIONS

1.    Plaintiff Cybertania is, and for all times mentioned herein, and relevant hereto, was an Illinois business corporation having its principal place of business in Glenview, Illinois, which among other things, commencing on November 28, 1998, has operated a site on the Internet's worldwide web under the domain name of ULTRAPASSWORDS.com, hereinafter referred to as "Ultrapasswords." **[EXHIBIT 1]**

2.    Cybertania's online host contract is with VeriSign, Inc., the owner of NetSol.

3.    Cybertania's ownership and operation of the Ultrapasswords website has been continuous since its inception on November 28, 1998. **[EXHIBIT 2]**

4.    Cybertania, on April 30, 2002, renewed its online host services contract for Ultrapasswords with VeriSign, Inc., for a nine (9) year period, commencing October 5, 2002 and ending October 5, 2011. **[EXHIBIT 3]**

5.    Cybertania is informed and believes, and on that basis alleges, that defendant VeriSign, a business entity incorporated in the state of California, operates a subsidiary business on the worldwide internet web commonly known as NetSol, which serves its customers by providing, among other things, Internet host services.

6.    Cybertania is informed and believes, and on that basis alleges, that defendant Onlinenic, a business entity incorporated in the state of California, operates a business on the worldwide internet web commonly known as Onlinenic.com, which serves its customers by providing, among other things, Internet host services.

7.    Cybertania is informed and believes, and on that basis alleges, that defendant Fashionid, a business entity located in, and operating from Hong Kong, China, which serves its customers by operating one or more worldwide websites that are transmitted throughout the world via the worldwide web and which serves its customers by Internet services.

8.    Cybertania is informed and believes, and on that basis alleges, that defendant Chow, a citizen of Hong Kong, Peoples Republic of China, has been doing business under the Internet domain name of Ultrapasswords since May 2, 2002.

9.    Cybertania is informed and believes that defendants Onlinenic, Fashion and Chow maintain a business relationship whereby Chow registers certain worldwide web domain names through Fashion, its registering agent, and posts those domain names with Onlinenic.

## V.
## FACTS GIVING RISE TO THIS ACTION

10.    That Cybertania is an Internet company which creates interactive Internet websites.

11.    That Cybertania, among other activities, owns and operates the interactive Internet website known as Ultrapasswords.

12.    That Cybertania's Ultrapasswords interactive Internet website generates substantial income, to wit: 1999, ($161,319 or $442/day); 2000, ($442,364 or $1,212/day); 2001, ($425,814 or $1,167/day) and 2002, approximately $5,000/day.  **[EXHIBIT 4]**

13.    That Cybertania has contracted for web hosting services with defendants VeriSign and NetSol for a thirteen (13) year period commencing November 28, 1998 through October 5, 2011.

14.    That Cybertania, at all times during its business relationship with defendants VeriSign and NetSol, has fulfilled all its contractual obligations, including payment of all fees and costs assessed by defendants VeriSign and NetSol.

15.    That defendants VeriSign and NetSol, on or about May 2, 2002, purposefully, carelessly, negligently, maliciously, recklessly, wantonly or illegally deleted Ultrapasswords from its list of hosted sites.

16.    That defendants VeriSign and NetSol's deletion of Ultrapasswords from among its hosted sites was without the permission, authority, consent,

agreement, acquiescence or knowledge of Cybertania, and even though Cybertania's account was in good standing.

17.     That on or about May 2, 2002, Cybertania's Ultrapasswords website was converted, misappropriated, hijacked or otherwise acquired by defendant Chow without the permission, authority, consent, agreement, acquiescence or knowledge of Cybertania.

18.     That on or about May 2, 2002, Cybertania's Ultrapasswords website was transferred to defendant Onlinenic without the permission, authority, consent, agreement, acquiescence or knowledge of Cybertania.

19.     That Cybertania has diligently worked since 1998 to establish successfully its name in the Internet adult entertainment community; thereby, creating a good will amongst the public in the form of a common law trademark/trade name.

20.     That before May 2, 2002, no other entity or person has ever used the name Ultrapasswords in the Internet environment.

## VI.
## FIRST CLAIM FOR RELIEF

(Dilution Against Defendants Onlinenic, Fashionid and Chow)

21.     Cybertania realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20, above, as though fully set forth at length.

-7-

22. Cybertania is the owner of the Ultrapasswords common law trademark/trade name.

23. Defendants' use of the Ultrapasswords mark and name as part of their Internet website and operations has diluted, and will continue to dilute, the distinctive quality of Cybertania's mark and trade name in violation of Illinois statute.

24. That defendants Onlinenic, Fashionid and Chow's acts complained of herein have damaged and will continue to damage Cybertania irreparably. Cybertania has no adequate remedy at law for these wrongs and injuries. The damage to Cybertania includes harm to its goodwill and reputation in the marketplace that money cannot compensate.

25. That Cybertania is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants Onlinenic, Fashionid and Chow, and their agents, servants and employees, and all persons acting thereunder, in concert therewith or on their behalf, from using, registering or transferring the Cybertania common law trademark/trade name, or any colorable imitation or variation thereof, by using such marks/names in connection with the promotion, advertisement and sale of defendants' goods and services.

26. That because defendants Onlinenic, Fashionid and Chow have wilfully intended to cause dilution of Cybertania's famous mark/trade name, Cybertania is entitled to recover all damages sustained as a result of defendants' unlawful

conduct, including (1) defendants' profits, (2) Cybertania's damages, (3) the costs of the suit, and (4) reasonable attorney's fees, pursuant to statute.

## VII.
## SECOND CLAIM FOR RELIEF

(Trademark Infringement and Contributory Infringement

Against defendant's Onlinenic, Fashionid and Chow - Common Law)

27.     Cybertania realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, above, as though fully set forth at length.

28.     That defendants Onlinenic, Fashionid and Chow have usurped, stolen or otherwise misappropriated the usage of Cybertania's Ultrapasswords name, and have diverted, with wanton disregard for the business interests of Cybertania, all business associated with that trademark/trade name to its own benefit.

29.     That defendants Onlinenic, Fashionid and Chow's actions have at all times been without Cybertania's consent.

30.     That defendants Onlinenic, Fashionid and Chow's acts constitute willful and deliberate infringement of Cybertania's trademark/trade name.

31.     That defendants Onlinenic, Fashionid and Chow are using Cybertania's mark and name in a manner that is likely to cause the public to believe that defendants' services emanate from, are endorsed by, sponsored by, or otherwise authorized by Cybertania,

32.     That defendants Onlinenic, Fashionid and Chow's acts complained of herein have damaged and will continue to damage Cybertania irreparably. Cybertania has no adequate remedy at law for these wrongs and injuries. The damage to Cybertania includes harm to its goodwill and reputation in the marketplace that money cannot compensate.

33.     That Cybertania is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants Onlinenic, Fashionid and Chow, and their agents, servants and employees, and all persons acting thereunder, in concert therewith or on their behalf, from using, registering or transferring the Cybertania common law trademark/trade name, or any colorable imitation or variation thereof, by using such marks/names in connection with the promotion, advertisement and sale of defendants' goods and services.

34.     That because defendants Onlinenic, Fashionid and Chow have wilfully used Cybertania's mark and name in a manner calculated to cause confusion in the sale, offering for sale and advertising of their services, Cybertania is entitled to recover all damages sustained as a result of defendants unlawful conduct including (1) defendants' profits, (2) Cybertania's damages, (3) the costs of the suit, and (4) reasonable attorney's fees, pursuant to statute.

## VIII.
## THIRD CLAIM FOR RELIEF

(Interference with Contractual Relationship

Defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow)

35.   Cybertania realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34, above, as though fully set forth at length.

36.   That during all periods relevant hereto, Cybertania provided access to entertainment services via its website at www.Ultrapasswords.com pursuant to contracts between Cybertania and other websites.

37.   That Cybertania is informed and believes that defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow knew of the above described relationships between Cybertania and its business associates and customers.

38.   That Cybertania is informed and believes that because defendants VeriSign and NetSol's acts of deleting Ultrapasswords from VeriSign and NetSol, and transferring same to defendants Fashionid and Chow, legitimate customers of Cybertania who had entered into a contractual relationship with Cybertania were denied access to Cybertania's website.

39.   That Cybertania is informed and believes that defendants VeriSign and NetSol's acts of deleting Cybertania's website Ultrapasswords from VeriSign and NetSol, and transferring same to Fashionid and Chow, without authorization,

-11-

thereby interrupting the Cybertania's services its provides, its customers and potential customers will be deterred from subscribing to Cybertania's services.

40.    That as a direct and proximate result of defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow's actions alleged herein, Cybertania has been damaged in an amount presently unknown, but to be proven at tine of trial.

41.    That the aforementioned acts of defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow were willful, oppressive, fraudulent and malicious, and Cybertania is therefore entitled to punitive damages.

42.    That Cybertania has incurred costs and attorneys' fees in bringing this action.

## IX.
## FOURTH CLAIM FOR RELIEF

(Interference with Contractual Relationship - Inducing Breach of Contract

Defendants Fashionid and Chow)

43.    Cybertania realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 42, above, as though fully set forth at length.

44.    That at all times relevant hereto, Cybertania contracted with various adult websites for referral of potential customers through Cybertania's Ultrapasswords website.

45.    That Cybertania is informed and believes that defendants Fashionid and Chow have solicited persons on the Internet, including Cybertania's customers

-12-

and/or potential customers, to transfer their business relationship to defendants. This solicitation induced customers of Cybertania to breach their contract with Cybertania.

46.    That as a direct and proximate result of defendants Fashionid and Chow's actions alleged herein, Cybertania has been damaged in an amount presently unknown, but to be proven at tine of trial.

47.    That the aforementioned acts of defendants Fashionid and Chow were willful, oppressive, fraudulent and malicious, and Cybertania is therefore entitled to punitive damages.

48.    That Cybertania has incurred costs and attorneys' fees in bringing this action.

## X.
## FIFTH CLAIM FOR RELIEF

(Interference with Prospective Economic Relations

Defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow)

49.    Cybertania realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 48, above, as though fully set forth at length.

50.    That during all times relevant hereto, Cybertania offered prospective customers of Cybertania adult entertainment services by providing hyperlink connections, or password, via its website Ultrapasswords, to numerous adult entertainment websites.

51.     That Cybertania earned a sum of money for each hyperlink connection or password used, from the respective owner and operators of those referral sites.

52.     That Cybertania is informed and believes that defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow knew of the above described relationship between Cybertania, its customers and its prospective customers.

53.     That Cybertania is informed and believes that defendants VeriSign and NetSol's act of deleting Ultrapasswords from VeriSign and NetSol, and transferring Ultrapasswords to defendants Fashionid, Chow and Onlinenic, without permission and without compensation, resulting in a substantial loss of business to Cybertania. In additions, these service interruptions, predictably have deterred prospective customers of Cybertania who otherwise might have entered into a contractual relationship with Cybertania were denied access to Cybertania's Ultrapasswords website, and thereby could not subscribe to Cybertania's services.

54.     That as a direct and proximate result of defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow's actions alleged herein, Cybertania has been damaged in an amount presently unknown, but to be proven at tine of trial.

55.     That the aforementioned acts of defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow were willful, oppressive, fraudulent and malicious, and Cybertania is therefore entitled to punitive damages.

56.     That Cybertania has incurred costs and attorneys' fees in bringing this action.

-14-

## XI.
## SIXTH CLAIM FOR RELIEF

(Conversion Against Defendants Fashionid and Chow)

57.    Cybertania realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 56 above, as though fully set forth at length.

58.    That at all times relevant hereto, Cybertania was the owner of valuable rights in the entertainment material portrayed on its website, and of its user names and passwords.

59.    That Cybertania is informed and believes that on or about May 2, 2002, and continuing to the present time, defendants converted the aforementioned property to their own use, by displaying to the public the website name Ultrapasswords, and providing services to the public through that domain name.

60.    That as a direct and proximate result of defendants Fashionid and Chow's actions, or failure to act, as alleged herein, Cybertania has been damaged in an amount presently unknown, but to be proven at tine of trial.

61.    That the aforementioned acts of defendants VeriSign and NetSol were willful, oppressive, fraudulent and malicious, and Cybertania is therefore entitled to punitive damages.

62.    That Cybertania has incurred costs and attorneys' fees in bringing this action.

-15-

## XII.
## SEVENTH CLAIM FOR RELIEF

(Statutory and Common Law Unfair Competition Against

Defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow)

63.    Cybertania realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 61, above, as though fully set forth at length.

64.    That by reason of the foregoing, defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of Illinois statutes, and acts of unfair competition in violation of common law.

65.    That defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow's acts complained of herein have damaged and will continue to damage Cybertania irreparably.

66.    That Cybertania has no adequate remedy at law for these wrongs and injuries, including harm to its good will and reputation in the marketplace that money cannot compensate. Cybertania is, therefore, entitled to preliminary and permanent injunction.

67.    That as a direct and proximate result of defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow's actions alleged herein, Cybertania has been damaged in an amount presently unknown, but to be proven at tine of trial.

-16-

68.    That the aforementioned acts of defendants VeriSign, NetSol, Onlinenic, Fashionid and Chow were willful, oppressive, fraudulent and malicious, and Cybertania is therefore entitled to punitive damages.

69.    That Cybertania has incurred costs and attorneys' fees in bringing this action.

## XIII.
## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and that at said hearing grant the following:

(a)    That defendants Onlinenic, Fashionid and Chow, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from unlawfully operating plaintiff's website, Ultrapasswords.

(b)    That defendant Onlinenic be ordered to restore plaintiff's website, Ultrapasswords, to plaintiff, and remove defendants' Onlinenic and Chow's use of that website.

(c)    That an award of actual damages.

(d)    That an accounting be made for all profits, income, receipts or other benefits derived by defendants from the trademark and trade name infringement.

(e)    That defendants be held liable to plaintiff in compensatory damages for all actual losses or injuries, trebled in accordance with applicable statutes,

including reasonable attorneys' fees and costs, caused by defendants' intentional and willful conversion of plaintiff's website, Ultrapasswords.

(f) That defendants pay to plaintiff general damages in an amount to be proven.

(g) That defendants pay to plaintiff punitive damages for their intentional and willful conduct.

(h) That plaintiff be awarded its attorney fees, with interest and costs.

(i) That plaintiff be awarded such other And further relief as this Court deems just and appropriate.

**DATED:** __May 7, 2002__

Respectfully submitted,

**CYBERTANIA, INC.**

BY: _Leo Radvinsky_
Leo Radvinsky, Its President

__ANDERSON J. WARD__
21456 Main Street
Matteson, IL 60443-2567
Tel: (708)747-7445
Fax: (708) 747-7504
e-mail: AJWard@juno.com
ARDC #__06212303__

-18-

STATE OF ILLINOIS )
                    )   SS
COUNTY OF COOK )

## A F F I D A V I T

    LEO RADVINSKY, being first duly sworn on oath, deposes and says that

he is the President of Cybertania, Inc., an Illinois business corporation, that he

has read the foregoing <u>Complaint</u> by him subscribed, that he knows the

contents therein, and that upon information available to him certifies that the

statements set forth in this instrument are true and correct, in substance and

in fact.

_Leo Radvinsky_

SIGNED AND SWORN TO before me
this __7th__ day of May 2002.

_____
Notary Public

**OFFICIAL SEAL**
**A J WARD**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/10/06

# SEE CASE FILE FOR EXHIBITS

JS 44
(Rev. 12/96)

(AT 2) **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requi~ by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the ~ of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS** CYBERTANIA, INC.

JUDGE LEINENWEBER

**DOCKETED** ~NTS VARIGIBA, INC, NETWORK SOLUTIO~

MAY 08 2002 WEINC, FASHIONID,
DAVID CHOE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

MAGISTRATE JUDGE DENLOW

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT California
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anderson + WARD
21456 Main St.
Matteson IL 60443 708 747 7445

ATTOR~ ~OWN)

**02C 3324**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAIN~ (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | ☑ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Ac~ |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | **PERSONAL INJURY** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | ☐ 362 Personal Injury — Med. Malpractice | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | ☐ 365 Personal Injury — Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determina~ Under Equal Access to Ju~ |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 370 Other Fraud | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 220 Foreclosure | ☐ 371 Truth in Lending | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 380 Other Personal Property Damage | | | |
| ☐ 240 Torts to Land | ☐ 385 Property Damage Product Liability | | | |
| ☐ 245 Tort Product Liability | | | | |
| ☐ 290 All Other Real Property | | | | |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | **HABEAS CORPUS:** | | | |
| ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in compla~
JURY DEMAND: ☐ YES ☐ NO

**VIII.** This case
☑ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 5-8-02

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**JUDGE LEINENWEBER**

In the Matter of *CYBERTANIA INC*

*VS,*

*VERISIGN INC NETWORK SOLUTIONS,*
*ONLINEINC, FASHIONID an alia bus.*
*DAWEL CHSE*

**MAGISTRATE JUDGE DENLOW**

Case Number: **02C 3324**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

*CYBERTANIA*

DOCKETED
MAY 0 9 2002

| (A) | (B) |
|---|---|
| **SIGNATURE** | **SIGNATURE** |
| **NAME** Anderson J. WARD | **NAME** |
| **FIRM** A J Ward | **FIRM** |
| **STREET ADDRESS** 21456 Main St | **STREET ADDRESS** |
| **CITY/STATE/ZIP** Matteson Il 60443 | **CITY/STATE/ZIP** |
| **TELEPHONE NUMBER** 708 747 7445  **FAX NUMBER** 708 747 7504 | **TELEPHONE NUMBER**  **FAX NUMBER** |
| **E-MAIL ADDRESS** AJWard@ Juno.com | **E-MAIL ADDRESS** |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 06212302 | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** |
| **MEMBER OF TRIAL BAR?** YES ☑ NO ☐ | **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ |
| **TRIAL ATTORNEY?** YES ☑ NO ☐ | **TRIAL ATTORNEY?** YES ☐ NO ☐ |
| | **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| **SIGNATURE** | **SIGNATURE** |
| **NAME** | **NAME** |
| **FIRM** | **FIRM** |
| **STREET ADDRESS** | **STREET ADDRESS** |
| **CITY/STATE/ZIP** | **CITY/STATE/ZIP** |
| **TELEPHONE NUMBER**  **FAX NUMBER** | **TELEPHONE NUMBER**  **FAX NUMBER** |
| **E-MAIL ADDRESS** | **E-MAIL ADDRESS** |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** |
| **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ | **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ |
| **TRIAL ATTORNEY?** YES ☐ NO ☐ | **TRIAL ATTORNEY?** YES ☐ NO ☐ |
| **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ | **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ |