

FILED
MAY 14 2002
MAY - 8 2002
Judge Harry D. Leinenweber
U.S. District Court

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CYBERTANIA INC. an Illinois business corporation, | )<br>)<br>) Civil Action |
| Plaintiff | )<br>) No. 02C 3324<br>) Complaint |
| vs. | )<br>) Judge |
| VERISIGN, INC., a California business corporation, NETWORK SOLUTIONS, a California business corporation, ONLINENIC, a California business corporation, FASHIONID, an alien business entity, DANIEL CHOW, an alien individual doing business as FASHIONID, | )<br>)<br>)<br>)<br>) Amount sought in<br>) excess of $75,000<br>)<br>)<br>) Jury Trial Demanded |
| Defendants | ) |

## PETITION FOR TEMPORARY RESTRAINING ORDER

**NOW COMES** plaintiff **CYBERTANIA, INC.**, (hereinafter "Cybertania"), through its attorney, Anderson J. Ward, and respectfully petitions this Honorable Court for an Order temporarily restraining the defendants **ONLINENIC**, (hereinafter "Onlinenic"), a California business corporation, **FASHIONID**, (hereinafter "Fashionid"), an alien business entity, and **DANIEL CHOW**, (hereinafter "Chow"), an alien individual doing business as Fashionid, from operating plaintiff's interactive Internet website, commonly known as Ultrapasswords.com, until such time as the Court has ruled on the plaintiff's claims as articulated in its Civil Action Complaint filed contemporaneously herewith.

In support of its Petition for a Temporary Restraining Order, plaintiff states as follows:



1. That this Court has jurisdiction of the subject matter of its Petition and of all parties related thereto as a result of its jurisdiction of the earlier-filed civil action lawsuit captioned under the same parties as indicated hereinabove.

2. That Cybertania is a business corporation duly incorporated in the State of Illinois and having its principal place of business in the State of Illinois.

3. That, on information and belief, Fashionid is an alien business operated by Chow.

4. That, on information and belief, both Fashionid and Chow are situated in the Peoples Republic of China; specifically, in Hong Kong.

5. That Cybertania is an Internet company which creates interactive Internet websites.

6. That Cybertania, among other things, has operated a site on the Internet's worldwide web under the domain name of Ultrapasswords.com, hereinafter referred to as "ultrapasswords." **[EXHIBIT 1]**

7. Cybertania's online host contract is with **VeriSign, Inc.,** (hereinafter "VeriSign"), the owner of **Network Solutions, Inc.,** (hereinafter "NetSol").

8. Cybertania's ownership and operation of the ultrapasswords website has been continuous since its inception on November 28, 1998. **[EXHIBIT 2]**

9. Cybertania, on April 30, 2002, renewed its online host services contract for ultrapasswords with VeriSign, Inc., for a nine (9) year period, commencing October 5, 2002 and ending October 5, 2011. **[EXHIBIT 3]**

10. That, as such, Cybertania has contracted for web-hosting services with VeriSign and NetSol for a continuous and uninterrupted thirteen (13) year period; i.e., November 28, 1998 through October 5, 2011.

11. That Cybertania's ultrapasswords interactive Internet website generates substantial income, to wit: $1,167/day in 2001, and approximately $5,000/day in 2002, to date.

12. That on or about May 2, 2002, Cybertania's domain name ultrapasswords was deleted from among NetSol's hosted sites.

13. That the deletion of ultrapasswords from among its hosted sites was without the permission, authority, consent, agreement, acquiescence or knowledge of Cybertania.

14. That on or about May 2, 2002, Cybertania's ultrapasswords website was posted by defendant Chow, through his business Fashionid, without the permission, authority, consent, agreement, acquiescence or knowledge of Cybertania.

15. That on or about May 2, 2002, Cybertania's ultrapasswords website, on information and belief, was transferred by Fashionid and Chow to defendant Onlinenic without the permission, authority, consent, agreement, acquiescence or knowledge of Cybertania.

16. That Cybertania has diligently worked since 1998 to establish successfully its name in the Internet adult entertainment community; thereby, creating a good will amongst the public in the form of a common law trademark/trade name.

17. That before May 2, 2002, no entity or person, other than Cybertania, has ever used the name ultrapasswords in the Internet environment.

18. That Cybertania is the owner of the ultrapasswords common law trademark/trade name.

19. That defendants Onlinenic, Fashionid and Chow have usurped, stolen, converted, commandeered, hijacked or otherwise misappropriated the usage of Cybertania's ultrapasswords name, and have diverted, with wanton disregard for the business interests of Cybertania, all business associated with that trademark/trade name to its on benefit.

20. That defendants Onlinenic, Fashionid and Chow's acts have at all times been without Cybertania's consent.

21. That defendants Onlinenic, Fashionid and Chow's acts constitute willful and deliberate infringement of Cybertania's trademark/trade name.

22. That defendants Onlinenic, Fashionid and Chow are using Cybertania's mark and name in a manner that is likely to cause the public to believe that defendants' services emanate from, are endorsed by, sponsored by, or otherwise authorized by Cybertania.

23. That defendants Onlinenic, Fashionid and Chow's use of the Ultrapasswords mark and name as part of their Internet website and operations has diluted, and will continue to dilute, the distinctive quality of Cybertania's mark and trade name in violation of Illinois statute.

24. That during all periods relevant hereto, Cybertania provided access to entertainment services via its website at www.ultrapasswords.com, pursuant to contracts between Cybertania and other websites.

25. That Cybertania is informed and believes that defendants Onlinenic, Fashionid and Chow knew of the above described relationships between Cybertania and its business associates and customers.

26. That defendants Onlinenic, Fashionid and Chow's use of the Ultrapasswords mark and name as part of their Internet website and operations, has denied legitimate customers of Cybertania who had entered into a contractual relationship with Cybertania access to Cybertania's website.

27. That defendants Onlinenic, Fashionid and Chow's use of the Ultrapasswords mark and name as part of their Internet website and operations has interrupted the services Cybertania provides its customers and potential customers.

28. That defendants Onlinenic, Fashionid and Chow's use of the Ultrapasswords mark and name as part of their Internet website and operations will deter customers and potential from subscribing to Cybertania's services.

29. That Cybertania is informed and believes that defendants Onlinenic, Fashionid and Chow have solicited persons on the Internet, including Cybertania's customers and/or potential customers, to transfer their business relationship to defendants, thereby inducing customers of Cybertania to breach their contract with Cybertania.

30. That Cybertania is informed and believes that defendants Onlinenic, Fashionid and Chow's act of converting Cybertania's domain, Ultrapasswords,

without permission and without compensation, has, and is continuing to result in a substantial loss of business to Cybertania.

31. That Cybertania has alleged in its earlier-filed Complaint that defendants Onlinenic, Fashionid and Chow have usurped, stolen or otherwise misappropriated the usage of Cybertania's Ultrapasswords name, and have diverted, with wanton disregard for the business interests of Cybertania, all business associated with that trademark/trade name to its on benefit.

32. That by reason of the foregoing, defendants Fashionid and Chow have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of Illinois statutes, and acts of unfair competition in violation of common law.

33. That defendants Fashionid and Chow are alien defendants, both, on information and belief, being situated in the Peoples Republic of China.

34. That, as such, defendants Fashionid and Chow are able to hijack Internet businesses of American citizens with impunity, and at severe damage and loss to American citizens.

35. That defendant Onlinenic is a California business corporation, and thereby subject to service of process and the force of this Honorable Court.

36. That Cybertania has a property right in the domain name, Ultrapasswords, a right for which it is entitled to protection against theft, conversion, trademark infringement, malicious acts and unfair business practices

from individuals and entities outside the environs of the United States of America., and not subject to service of process.

37. That if the defendants Fashionid and Chow are permitted to continue operating Cybertania's website, Ultrapasswords, during the pendency of these proceedings, that irreparable damage and harm will inure to the property right of Cybertania, and that the harm will be severe, irreparable and ongoing.

38. That there is a prima facie presumption that Cybertania's common law trademark is protected.

39. That there is no danger nor risk to the defendants Fashionid and Chow if they are enjoined from discontinuing the use and display of Cybertania's website, Ultrapasswords.

40. That there is a likelihood of success that the Cybertania will prevail on the merits of this case.

41. That weighing the equities results in a balance in favor of the plaintiff, Cybertania.

42. That Cybertania has made a fair showing as to all of these allegations.

**WHEREFORE,** plaintiff Cybertania, Inc., respectfully prays this Honorable Court for an Order restraining defendants Fashionid and Daniel Chow from retaining, using and displaying the Internet domain name "Ultrapasswords," or any variation thereof, <u>and</u> that defendants be so-restrained throughout the pendency of these proceedings and until such time as this Honorable Court can reach a decision on the merits of the case.

**FURTHER**, plaintiff Cybertania, Inc., prays for an Order directing defendant Onlinenic to cease and desist hosting the Internet domain "Ultrapasswords," for defendants Fashionid and Chow, and to refrain from transferring said domain name, Ultrapasswords, to any other Internet registrar, on-line host service or any other entity whatsoever until further Order of this Court.

**FURTHER**, plaintiff Cybertania, Inc., prays for an Order restoring his property rights in the Internet domain "Ultrapasswords" during the pendency of these proceedings and until further Order of this Court.

**DATED: May 7, 2002**

Respectfully submitted,

**CYBERTANIA, INC.**

BY: *Leo Radvinsky*
Leo Radvinsky, Its President

ANDERSON J. WARD
21456 Main Street
Matteson, IL 60443-2567
Tel: (708)747-7445
Fax: (708) 747-7504
e-mail: AJWard@juno.com
ARDC #06212303

STATE OF ILLINOIS  )
                   )   SS
COUNTY OF COOK     )

### AFFIDAVIT

LEO RADVINSKY, being first duly sworn on oath, deposes and says that he is the President of Cybertania, Inc., an Illinois business corporation, that he has read the foregoing <u>Petition for Temporary Restraining Order</u> by him subscribed, that he knows the contents therein, and that upon information available to him certifies that the statements set forth in this instrument are true and correct, in substance and in fact.

*Leo Radvinsky*

SIGNED AND SWORN TO before me this __7th__ day of May 2002.

_____
Notary Public

OFFICIAL SEAL
A J WARD
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/10/06

See Case File For Exhibits